1   UNITED STATES DISTRICT COURT
2   DISTRICT OF PUERTO RICO

3   LUIS GONZÁLEZ-COLÓN,

4       Petitioner,
                                                    Civil No. 09-2120 (JAF)
5       v.
                                                     (Crim. No. 06-403)
6   UNITED STATES OF AMERICA,

7       Respondent.

8                              **OPINION AND ORDER**

9           Petitioner brings this pro-se petition for relief from a federal court conviction pursuant to 28

10   U.S.C. § 2255.  (Docket Nos. 1; 11.[1])  Respondent opposes (Docket No. 8), and Petitioner does not

11   reply.

12                                      **I.**

13                          **Factual and Procedural History**

14          On September 18, 2007, Petitioner pleaded guilty to conspiring to possess, with intent to

15   distribute, more than thirty-five but less than fifty grams of cocaine base.  (Docket Nos. 1; 8.)  In his

16   plea agreement, Petitioner stipulated that no safety-valve provision would apply to his sentencing.

17   (Crim. No. 06-403, Docket No. 390 at 5.)  The plea agreement also stated that the parties to the

18   agreement had not stipulated to any criminal history category, though they assumed a criminal history

19   category III for the purposes of calculating sentencing.  (Id. at 5 & n.2.)  The presentence investigation

20   report concluded that criminal history category II should apply.  (See Docket Nos. 1 at 4; 8.)  Petitioner

21   challenged that conclusion, arguing that his should be category I (Crim. No. 06-403, Docket No. 391),

_____

[1] Unless otherwise noted, all docket citations are to Civil No. 09-2120.

Civil No. 09-2120 (JAF)                                                                                    -2-

1    but this court rejected that challenge at the sentencing hearing (Docket No. 8 at 3).  On appeal,

2    Petitioner challenged the criminal history category assigned him.  See United States v. González-Colón,

3    582 F.3d 124 (1st Cir. 2009).  While the First Circuit ultimately determined that it would not hear

4    Petitioner's appeal, due to Petitioner's valid waiver of appeal, it discussed with approval Petitioner's

5    sentencing, noting that he had received a "windfall" at sentencing by ultimately having been sentenced

6    to fewer months than the minimum to which he stipulated in his plea agreement.  See id. at 127 n.2;

7    128-29.

8                                                **II.**

9                        **Standard for Relief Under 28 U.S.C. § 2255**

10        A federal district court has jurisdiction to entertain a § 2255 petition when the petitioner is in

11   custody under the sentence of a federal court.  See 28 U.S.C. § 2255.  A federal prisoner may challenge

12   his or her sentence on the ground that, inter alia, it "was imposed in violation of the Constitution or

13   laws of the United States."  Id.  The petitioner is entitled to an evidentiary hearing unless the

14   "allegations, accepted as true, would not entitle the petitioner to relief, or . . .'are contradicted by the

15   record, inherently incredible, or conclusions rather than statements of fact.'"  United States v.

16   Rodríguez Rodríguez, 929 F.2d 747, 749-50 (1st Cir. 1991) (quoting Dziurgot v. Luther, 897 F.2d 1222,

17   1225 (1st Cir. 1990)); see 28 U.S.C. § 2255(b).

18                                               **III.**

19                                            **Analysis**

20        Because Petitioner appears pro se, we construe his pleadings more favorably than we would

21   those drafted by an attorney.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Nevertheless,

22   Petitioner's pro se status does not excuse him from complying with procedural and substantive law.

23   Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Civil No. 09-2120 (JAF)                                                                                    -3-

1        Petitioner argues that he is entitled to relief under § 2255 because he received ineffective

2    assistance of counsel, due to counsel's failure to object to his plea agreement.  (Docket No. 1.)

3    According to Petitioner, his counsel should have argued that his plea agreement was invalid, in that it

4    stipulated to criminal history category III and thereby rendered Petitioner ineligible for the safety-valve

5    reduction to which he was entitled at category II.  (Docket No. 1 at 4-5.)  Respondent points out two

6    errors underlying Petitioner's claim: (1) the plea agreement did not stipulate to any criminal history

7    category; and (2) a category II criminal history would not have entitled him to the safety-valve

8    reduction. (Docket No. 8.)  We agree on both points.  The plea agreement contained no stipulation as

9    to criminal history category.  See supra Part I.  In addition, the Sentencing Guidelines safety-valve

10   provision—which Petitioner agreed would not apply to him, see supra Part I—applies only to those with

11   one criminal history point.  See U.S. Sentencing Guidelines Manual § 5C1.2(a)(1) (2009).

12       Taking into account these errors, we find that Petitioner has failed to articulate any deficiency

13   in his representation, as is required to state a claim of ineffective assistance of counsel.  See Strickland

14   v. Washington, 466 U.S. 668, 686-96 (1984) (requiring a showing of both deficient performance by

15   counsel and prejudice as a result of the deficiency in order to establish unconstitutionally-ineffective

16   assistance of counsel).

17                                          **IV.**

18                          **Certificate of Appealability**

19       In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever we deny §

20   2255 relief we must determine whether to issue a certificate of appealability ("COA").  We grant a

21   COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

22   To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district

23   court's assessment of the constitutional claims debatable or wrong."  Miller-El v. Cockrell, 537 U.S.

24   322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  We now find that no

Civil No. 09-2120 (JAF)                                                                                    -4-

1    reasonable jurist could find our assessment of Petitioner's constitutional claim debatable or wrong, and

2    we, therefore, deny him a COA.  Petitioner may request a COA directly from the First Circuit, pursuant

3    to Rule of Appellate Procedure 22.

4                                                            **V.**

5                                                    **Conclusion**

6           For the foregoing reasons, we hereby **DENY** Petitioner's § 2255 motion (Docket Nos. 1; 11).

7    Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, we summarily **DISMISS** this

8    petition, because it is plain from the record that Petitioner is entitled to no relief.  We **DENY** Petitioner

9    a COA.

10          **IT IS SO ORDERED**.

11          San Juan, Puerto Rico, this 28th day of July, 2010.

12                                                              s/José Antonio Fusté
13                                                              JOSE ANTONIO FUSTE
14                                                              Chief U.S. District Judge

15